# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2012

No. 11-60061
consolidated with
No. 11-60065

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JACQUALINE CRAWLEY,

Defendant – Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
(07-CR-124)

Before KING, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Jacqualine Crawley appeals from the district court's correction of clerical errors and subsequent entry of amended written judgments under Federal Rule of Criminal Procedure 36.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nos. 11-60061 & 11-60065

## I. Facts and Procedural History

Crawley and several others engaged in healthcare fraud. Among the entities used to carry out the scheme were Rehabilicare, Mississippi Care Partners, Statewide Physical Medicine ("Statewide"), and Progressive Physical Medicine ("Progressive"). For her complicity, Crawley was convicted of conspiring to commit healthcare fraud, participating in substantive healthcare fraud, and making false statements related to healthcare.

Crawley was sentenced together with two co-conspirators. After ruling on Crawley's objections to the PSR and application of the Guidelines, the district court adopted the PSR "without change." In sentencing another defendant, the district court declared Medicare and Medicaid as victims—and thus restitution payees—in cause number 1:07-CR-124, to which Crawley was a party.

Crawley was sentenced last. In line with the PSR, the district court found "that the United States Health Care Trust Fund [(the "Trust Fund")] ha[d] suffered injury . . . of $32,057,589.38" and orally ordered restitution in that amount, for which Crawley and her co-conspirators were made jointly and severally liable. The written judgments divided the total amount owed between the two cases involving Crawley: $17,437,239.05 in the "Mississippi Care Partners case" (No. 11-60061), and $14,620,849.66 in the "Rehabilicare case" (No. 11-60065). These amounts, however, totaled $32,058,088.71, or $499.33 more than the amount orally pronounced at sentencing (the "Discrepancy"). Besides the Trust Fund, the written judgments also listed Progressive and Statewide—vehicles used to perpetrate the fraud—as payees.

Crawley appealed on several grounds, arguing in part that the district court erred by making Crawley responsible for losses linked to Progressive and Statewide and by calculating her restitution in light of the losses attributable to the conspiracy as a whole. *See United States v. Crawley*, 381 F. App'x 462, 466

2

Nos. 11-60061 & 11-60065

(5th Cir. 2010) (*Crawley I*) (unpublished). We affirmed, modifying Crawley's sentence on an issue irrelevant here. *See id.* at 466-67.

The Government later moved under Rule 36 to correct the inclusion of Progressive and Statewide as payees and to modify the allocation of restitution between payees. The district court granted the motion and entered amended judgments that inserted Mississippi Medicaid ("Medicaid") as a payee, removed Progressive and Statewide, and reallocated restitution between Medicaid and the Trust Fund. The new judgments did not alter the total amount of restitution owed in each case, perpetuating the Discrepancy. Crawley timely appealed.[1]

## II. Waiver of Discrepancy Argument

Crawley argues that the Discrepancy violates her substantive rights, apparently assuming that the written judgments increased her sentence. *See United States v. Hayes*, 32 F.3d 171, 172 (5th Cir. 1994) ("Restitution is a criminal penalty and a component of the defendant's sentence."). Even assuming that it did so, Crawley waived arguments premised on the Discrepancy. Because the Discrepancy existed before *Crawley I*, any argument that it affected her substantive rights should have been raised in that proceeding. She failed to do so. Amending a judgment merely to correct clerical errors does not make the substance of the original judgment vulnerable to attack. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (holding certain arguments waived because "[n]either defendant [had] demonstrated why he was unable to appeal his issue in the initial appeal"); *cf. United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004) (noting that issues "not raised in the appeals court, *which could have*

---

[1] Crawley argues for *de novo* review of Rule 36 corrections. The Government notes that our sister circuits use various standards and cites an unpublished Fifth Circuit case that applied an abuse-of-discretion standard. *See United States v. Harrill*, 91 F. App'x 356, 357 (5th Cir. 2004) (unpublished) (emphasizing that Rule 36 uses the word "may" (citing *United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999) (applying abuse-of-discretion review to reduction of a sentence under 18 U.S.C. § 3582(c)(2)))). Because we conclude that Crawley's claims fail regardless of the standard of review utilized, we need not decide that issue here.

*been brought in the original appeal*, are not proper for reconsideration by the district court" (internal quotation marks and citations omitted)). The district court did not alter the Discrepancy in its Rule 36 rulings, thus any argument about the Discrepancy is not properly before us.

### III. Substitution of Medicaid

Crawley contends more generally that entering the amended written judgments to alter the identity and allocation of payees also violated her substantive rights. She raises a number of arguments, which we group into two broad categories: those raising evidentiary issues and those challenging Rule 36's applicability. We address each in turn.

### A. Evidentiary Arguments

Crawley broadly asserts that no evidence supports Medicaid's eligibility as a restitution payee. She claims that the Probation Office failed to obtain certain statements and affidavits necessary to conduct a "complete accounting" of Medicaid's loss. This allegedly prevented her from "testing" Medicaid's claims and caused the district court to enter an unfair restitution order.

Crawley essentially attempts to relitigate the evidentiary basis of the restitution order, an issue partially addressed in *Crawley I. See* 381 F. App'x at 466. We rejected the restitution challenge there, concluding that the district court permissibly attributed to Crawley "all losses" traceable to the conspiracy. *Id.* (citation omitted). We also held that the "district court was entitled to rely on information contained in the [PSR] as to the amount of loss because Crawley offered no evidence contesting the PSR and did not show that it was inaccurate or unreliable." *Id.* (citation omitted). The PSR described Medicaid as a victim, as did the district court at sentencing. The district court adopted the PSR's factual findings as its own and ordered Crawley to pay restitution in the same total amount attributable to her fraudulent activities as set forth in the PSR.

Nos. 11-60061 & 11-60065

Accordingly, the district court determined that Medicaid was a victim at the time of the proceedings giving rise to *Crawley I*, not by its later act of entering the amended judgments. Those judgments left unaltered the total amount of restitution provided in the original judgments. Crawley therefore should have challenged any accounting errors in her original appeal, which was also the appropriate place to "test" Medicaid's claims. She failed to do so, and she again provides no evidence contradicting the PSR's soundness. Crawley's claims thus are *res judicata* to the extent they require reconsideration of evidentiary matters addressed in *Crawley I*, and they are waived to the extent they raise arguments that could have been made in that proceeding.[2]

### B. Rule 36 Applies Here

Crawley also raises several arguments that question whether substituting a restitution payee qualifies as the correction of a clerical error. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when

---

[2] At oral argument, Crawley contended that the district court substantively amended her sentence by essentially finding that Medicaid was a victim in the Rehabilicare case, when none of the entities involved in that case had bilked Medicaid. She also asserted that, although the total restitution amount was the same, the amendments increased the amount due to Medicaid by approximately $800,000 more than provided in the PSR. From this argument, she concludes that this court should cut that amount from her restitution obligation.

Crawley failed to make these specific arguments either before the district court or in her primary brief on appeal, and defense counsel conceded at oral argument that he "synthesize[d]" this line of attack from arguments previously made in a "more general sense." With the aid of post-oral-argument hindsight, these arguments are discernable in Crawley's reply brief. However, any arguments first presented on appeal or in reply briefs are generally considered waived. *See, e.g.*, *Sw. Bell. Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (not raised below); *Lockett v. EPA*, 319 F.3d 678, 684 n.16 (5th Cir. 2003) (not raised in opening brief). In any case, the arguments do not prevail under plain error review. *See, e.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining elements of plain error review).

the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment. *See, e.g.*, *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008) ("[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments."); *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (collecting cases).

The amended judgments corrected only clerical errors. *See Spencer*, 513 F.3d at 492; *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) ("The Rule 36 order did not fundamentally alter Portillo's sentence, because it did not increase the restitution amount initially imposed at sentencing. The order merely changed the payees from the [uninjured party] to the six [victims] who were directly injured by Portillo's crime."). Similarly, the corrected judgments here did not increase the amount of restitution Crawley owes as a result of her role in the conspiracy. Because Crawley's sentence remained unchanged, her substantive rights were not affected. *Cf. Portillo*, 513 F.3d at 1165 (Rule 36 corrections "did not make Portillo's sentence more onerous").[3]

The district court's substitution of Medicaid as a payee does not compel a different conclusion. Again, the PSR specified Medicaid as a victim, and the district court adopted the PSR as its factual findings, pronounced Medicare and Medicaid as victims of the conspiracy, and made Crawley liable for losses attributable to the entire scheme. The record does not suggest that anyone intended the written judgments to reflect otherwise, let alone to transpose the underlying victims of Crawley's fraud with the corporate vehicles she used to

---

[3] The district court had no obligation to hold a hearing on the Government's motion. Crawley had an opportunity to respond and raise the same arguments advanced here. She thus received sufficient due process. *See Portillo*, 363 F.3d at 1166 ("[W]hile it may be preferable to have the defendant present when the court corrects clerical errors in the judgment under Rule 36, 'the defendant's absence [cannot] rise to a deprivation of due process.'" (quoting *Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970)) (latter alteration in original)).

harm them.  The modifications thus effectuated the parties' restitution-related intent without affecting Crawley's substantive rights.  Accordingly, Rule 36 provided the proper avenue for correcting the original judgments.

AFFIRMED.