# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31003

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEANGELO PIERRE JOHNSON,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 12-CR-237

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Seeking correction of the district-court judgment, Deangelo Pierre Johnson maintains it both describes erroneously the nature of the offenses to which he pleaded guilty and contains two other errors. CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF ERRORS IN JUDGMENT.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**I.**

Johnson pleaded guilty to one count of conspiracy to distribute, and possess with intent to distribute, 28 grams or more of cocaine base (crack), and to three counts of distribution and possession with intent to distribute a quantity of crack. The underlying plea agreement states Johnson agreed to plead guilty to counts 1, 4, 6, and 10 of the indictment. Count 1 charges he knowingly and intentionally combined, conspired, confederated, and agreed to distribute, and possess with intent to distribute, 28 grams or more of crack, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846. Under counts 4, 6, and 10, he was charged with aiding, abetting, and counseling the knowing and intentional distribution of, and possession with intent to distribute, crack on three separate dates, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), and 18 U.S.C. § 2.

The district court accepted the plea agreement; judgment was entered on 23 September 2013. The judgment, which states Johnson pleaded guilty to counts 1, 4, 6, and 10 of the indictment, describes the nature of the offenses as "Violations of the Federal Controlled Substances Act" (CSA), and lists the violated provisions of the United States Code. One of the listed provisions was entered incorrectly (typographical error), and the provisions do not include 18 U.S.C. § 2, despite Johnson's guilty plea pursuant, *inter alia*, to this aiding-and-abetting provision.

**II.**

The plea agreement provides that Johnson waived his right to appeal. The Government advises, however, that it does not seek enforcement of that provision in this instance.

No. 13-31003

The issues regarding the judgment are raised for the first time on appeal. Johnson asserts, however, that our review is *de novo* because this court assessed such errors, also not raised in district court, in *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979). The Government counters that review should be for abuse of discretion. *E.g., United States v. Crawley*, 463 F. App'x 418, 420 n.1 (5th Cir. 2012). In any event, where "claims fail regardless of the standard of review utilized, we need not decide [the proper standard of review]". *Id.* The issues before us fall within that category: Johnson's claim concerning the description of the nature of the offenses fails regardless of the standard of review; and the other errors are, *inter alia*, clear error.

**A.**

Johnson first contends: the nature-of-the-offense description does not explain he pleaded guilty to conspiracy and aiding and abetting; rather, it states he violated the CSA. He seeks amendment of the judgment to reflect the terms of the plea agreement: that he pleaded guilty to conspiracy and aiding and abetting, rather than substantive, CSA violations.

The judgment correctly describes the nature of the offenses as violations of the CSA because Johnson pleaded guilty to conspiring, and aiding and abetting efforts, to violate the CSA. 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in [the CSA] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy".); *see also United States v. Rabhan,* 540 F.3d 344, 348 (5th Cir. 2008) (citation and alterations omitted) ("[18 U.S.C.] § 2 does not establish a separate crime of 'aiding and abetting.' Rather, it allows a jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting the elements of the crime".).

No. 13-31003

**B.**

Regarding the other claimed errors, Johnson seeks correction of:  the typographical error in the judgment, listing incorrectly an offended provision as 21 U.S.C. § 84(b)(1)(C), with the correct provision's being 21 U.S.C. § 841(b)(1)(C); and the omission of 18 U.S.C. § 2 from the violated provisions. Federal Rule of Criminal Procedure 36, which governs corrections of such errors in a judgment, provides:  "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Regarding the typographical error, the Government, in its response brief, states Johnson waived this error because he failed to raise it in his opening brief; on the other hand, the Government noted the error, and takes the position any party may move for correction.  Furthermore, Johnson requested the correction in his reply brief.

The Government will not be prejudiced by the correction of the two errors.  Accordingly, the district court is to correct them on remand.

**III.**

For the foregoing reasons, the conviction and sentence are AFFIRMED; and this matter is REMANDED for correction, consistent with this opinion, of the two errors in the judgment.