# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MAURICIO GUILLERMO MORAL-SALAZAR,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-211-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mauricio Guillermo Moral-Salazar challenges on two bases his 51-month sentence, which falls within the advisory Sentencing Guidelines sentencing range, and was imposed following his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1)-(2).

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

First, Moral maintains his sentence is procedurally unreasonable. He claims the court erred in denying a reduction in his offense level under Guideline § 3E1.1 for acceptance of responsibility, asserting it relied on erroneous facts in denying the reduction. He acknowledges the pre-sentence investigation report contained information showing involvement in a protest or riot at a detention center, but claims he demonstrated these facts were materially untrue.

Moral arguably failed to raise these issues in district court. If he failed to do so, review is only for plain error. *E.g., United States v. Medina-Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003). It is not necessary, however, to resolve any dispute over the standard of review because, as discussed *infra*, Moral's challenge fails under the usual standard of review for denials of an acceptance-of-responsibility reduction. *E.g., United States v. Crawley*, 463 F. App'x 418, 420 n.1 (5th Cir. 2012) (Where "claims fail regardless of the standard of review utilized, we need not decide [the proper standard of review]".).

Guideline § 3E1.1(a) directs the sentencing court to reduce a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense". However, if a defendant fails to withdraw from criminal conduct or associations, the court may deny a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. n.1(B); *United States v. Puckett*, 505 F.3d 377, 387 (5th Cir. 2007).

A court's refusal to grant an acceptance-of-responsibility reduction is reviewed under a standard even more limited than for clear error, *e.g.*, *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007); the denial will not be reversed unless it is "without foundation", *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (quoting *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999)).

The PSR recommended against the reduction under Guideline § 3E1.1 based on Moral's, along with other detainees', refusal to return to his cell despite repeated orders to do so during a riot. The detention-center employees used chemical agents to suppress the incident. Because the record supports the finding that Moral had not withdrawn from criminal conduct, the denial of an acceptance-of-responsibility reduction was not "without foundation". *Id.*

Moral also challenges the substantive reasonableness of his sentence, asserting the court failed to consider the nonviolent nature of his crime-of-violence conviction and the loss of the acceptance-of-responsibility reduction.

Because Moral did not object to the substantive reasonableness of his sentence, review is only for plain error. *E.g., United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under that standard, Moral must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. He fails to show clear or obvious error.

Moral's contention is unavailing because within-Guidelines sentences are presumed reasonable. *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). The district court considered Moral's stated bases in mitigation, the affidavit of his wife discussing the prior conviction, the

No. 14-50570

sentencing factors of 18 U.S.C. § 3553(a), and the Guidelines, and concluded that a 51-month sentence was reasonable. Moral's claim that the court should have sentenced him below the Guidelines-sentencing range merely reflects his disagreement with the propriety of his sentence, which is insufficient to rebut the presumption of reasonableness. *E.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.