# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50802
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-516-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Solis was convicted of making a false statement in violation of 18 U.S.C. § 1001(a) and was sentenced to three years of probation. On appeal, Solis argues that because the district court failed to include his proposed definition of "willfully" in the jury charge, the charge did not require that the jury find he acted with knowledge that his conduct violated the law; thus, the jury did not have to find one of the elements of a § 1001(a) offense to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convict him.  The parties dispute whether the applicable standard of review is de novo or for abuse of discretion.  As Solis's argument fails regardless of the standard used, we need not decide the question.  *See United States v. Crawley*, 463 F. App'x 418, 420 n.1 (5th Cir. 2012).

The district court gave this Circuit's pattern instruction, which stated that the term "willfully" has historically meant "that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." Fifth Circuit Pattern Jury Instructions (Criminal) § 1.38 (2012).  The pattern instruction also tracks the statutory language.  *See* § 1001(a).  We have found that where the jury instruction given mirrored our pattern instruction and tracked the statutory language, the district court did not err by giving the instruction.  *See United States v. Harris*, 740 F.3d 956, 965 (5th Cir. 2014).

Furthermore, the Supreme Court has stated that in general, "when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" *Bryan v. United States*, 524 U.S. 184, 191-92 (1998). Thus, an act undertaken with a "bad purpose" and an act committed "with knowledge that [the] conduct was unlawful" are two different ways of formulating the same intent requirement.  *See id.*

Consistent with *Bryan*, the instruction given by the district court required a jury finding that Solis acted with bad purpose either to disobey or disregard the law.  While Solis's proposed addition is correct, "[t]he District Court may properly decline to give a requested instruction which . . . is stated elsewhere in the instructions." *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). Solis was entitled to, and received, a jury instruction which

No. 15-50802

accurately reflected the law and the issues. *See United States v. Montgomery*, 747 F.3d 303, 310 (5th Cir. 2014); *Bryan*, 524 U.S. at 191-92.

AFFIRMED.