# United States Court of Appeals for the Fifth Circuit

---

No. 22-50808
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Teon Fults,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-262-2

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:

The attorney appointed to represent Christopher Teon Fults has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Fults has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review and will therefore grant the motion to withdraw.

There is, however, an issue with the restitution order. Although the total amount of restitution awarded is correct, the order has apparently omitted two victims and has included their loss amounts in the amounts awarded to two other victims. In unpublished opinions, this court has held that a defendant lacks standing to challenge "any error concerning to whom the restitution is to be paid" where "no matter the ultimate recipient, [the defendant] remains liable for paying the same amount," *United States v. Berry*, 795 F. App'x 229, 237 (5th Cir. 2019), and has held that such an error may be corrected under Federal Rule of Criminal Procedure 36, *United States v. Crawley*, 463 F. App'x 418, 420-22 (5th Cir. 2012). We adopt the conclusions of these unpublished opinions and hold that Fults's restitution order does not present a nonfrivolous issue for appeal because he is liable for the same restitution amount regardless of the ultimate recipients.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. We REMAND for the limited purpose of correction of the judgment concerning the designation of the restitution payees and the allocation of restitution among the payees. *See* FED. R. CRIM. P. 36.