# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2024

Lyle W. Cayce
Clerk

No. 23-20482
Summary Calendar

─────────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CALEB JORDAN MCCRELESS,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-372-1

─────────────────────────────

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Caleb Jordan McCreless contests his within-Guidelines 110-months' sentence, imposed following his guilty-plea conviction for aiding and abetting a conspiracy to commit wire fraud and wire fraud, in violation of 18 U.S.C. §§ 2 (aiding and abetting), 1343 (wire fraud), 1349 (conspiracy). In doing so, he contends there is insufficient evidence to support the court's application

───────────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

of Sentencing Guideline § 2B1.1(b)(8)(B) (quoted *infra*). He also asserts — and the Government concedes — that the restitution award in the judgment contains a clerical error and should be corrected.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Defendant is subject to a four-level enhancement under Guideline § 2B1.1 if: his offense involved conduct described in 18 U.S.C. § 670 (prohibiting theft and illicit trafficking of pre-retail products); and he worked for an organization in the "supply chain" for a "pre-retail medical product". U.S.S.G. § 2B1.1(b)(8)(B); *see id.* cmt. n.1; 18 U.S.C. § 670(e)(1)–(2), (6) (defining quoted terms). McCreless contends the record fails to support this enhancement in two ways.

He first asserts that, to prove the gloves his company advertised were "pre-retail" medical products, the Government had to show gloves of that type were unavailable to consumers. Because McCreless did not preserve this issue in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he

makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* McCreless, however, offers no authority to support this new assertion. Accordingly, he fails to show the requisite clear-or-obvious error.

In the alternative, he asserts that, even if the gloves were pre-retail medical products, there is insufficient evidence that he worked for an organization in the supply chain for them. The record shows McCreless, acting on behalf of McCreless Enterprises, agreed to supply bulk quantities of gloves to multiple parties. The court did not clearly err in finding McCreless' company was active as a "jobber" or "broker" in the supply chain for the gloves. 18 U.S.C. § 670(e)(6).

The parties agree the restitution award in the written judgment, which was $50,000 higher than the amount ordered at sentencing, is a clerical error. Our review confirms the error; therefore, a limited remand to correct the error is appropriate under Federal Rule of Criminal Procedure 36. *See United States v. Fults*, 71 F.4th 328, 329 (5th Cir. 2023) (allowing limited remand for correction where judgment contained error in restitution order); *see* Fed. R. Crim. P. 36.

AFFIRMED in part; REMANDED to correct the clerical error in the judgment.