IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-40879

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAYMUNDO BUENDIA-RANGEL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-667-1

Before GARZA and DENNIS, Circuit Judges, and MINALDI, District Judge.[*]

PER CURIAM:[**]

In this criminal appeal we are asked to remand the district court's judgment for correction of a clerical error. Finding no such error, we AFFIRM the judgment.

Defendant Raymundo Buendia-Rangel ("Defendant") was indicted for violating 8 U.S.C. § 1326 as an alien who had previously been removed from the United States and who was subsequently found in the United States without the

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consent of the Attorney General or Secretary of the Department of Homeland Security. Defendant pled guilty to the charge. The district court entered a judgment, which lists the "nature of the offense" as "[r]e-entry of a deported alien," and imposed a sentence of 45 months imprisonment.

Defendant timely appealed but contests neither his conviction nor sentence; he appeals solely to request that this court exercise its power under Fed. R. Crim. P. 36 to correct an alleged clerical error in the judgment. Specifically, Defendant contends that the judgment misidentifies the "nature of the offense" as "[r]e-entry of a deported alien" when it should state that Defendant was convicted of being "found unlawfully in the United States following removal or deportation." Defendant bases this argument on an assertion that 8 U.S.C. § 1326 contains three separate offenses: 1) attempted illegal reentry, 2) illegal reentry, and 3) being found illegally in the United States. Defendant contends that he pled guilty to the third offense, viz., being found illegally in the United States, whereas the judgment's "nature of the offense" entry lists the second offense, viz., illegal reentry.

Rule 36 authorizes us to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." See United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995). We find no clerical error in the judgment below because the "nature of the offense" entry appears to be an intentional restatement of the title of § 1326 rather than a mistake.

Section 1326 is entitled "[r]eentry of removed aliens" and reads in relevant part:

> [A]ny alien who--
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
> (2) enters, attempts to enter, or is at any time found in, the United States . . .

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326.

In the district court's judgment, the "nature of the offense" description, "[r]e-entry of a deported alien," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "nature of the offense" to refer generally to the title of § 1326. Such a method of reference to § 1326 is not uncommon; in fact, this court has often used the similar term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007) ("[A]n alien who has previously been denied entry or been deported or removed commits the offense of illegal reentry when the alien thereafter "enters, attempts to enter, or is at any time found in, the United States . . . ." (emphasis added)); United States v. Vargas-Garcia, 434 F.3d 345, 349 (5th Cir. 2005) ("The illegal reentry statute defines Vargas-Garcia's offense thusly: a removed alien commits illegal reentry when he 'enters, attempts to enter, or is at any time found in, the United States . . . .'" (emphasis added)). Thus, it appears that the district court's judgment uses the term "re-entry of a deported alien" intentionally in reference to § 1326 generally, and such is not a clerical error.[1] Accordingly, we AFFIRM.

---

[1] As Defendant observes, we have noted that attempted reentry under § 1326 constitutes an offense distinct from either reentry or being found in the United States under § 1326, see United States v. Angeles-Mascote, 206 F.3d 529, 531 (5th Cir. 2000); United States v. Martinez-Espinoza, 299 F.3d 414, 417 (5th Cir. 2002); but such cases, which focus on the distinction between actual entry and attempted entry, are inapposite here. In this case, the differences between actual and attempted entry are not at issue. Rather, Defendant pled to being found unlawfully in the United States and we are called to determine whether the judgment contained a clerical error in referring to that offense by its general statutory title.