# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-20154
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISRAEL RAMIREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-336-3

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Israel Ramirez pleaded guilty to conspiracy to possess with intent to distribute cocaine and was convicted at a bench trial of possessing a firearm during and in furtherance of a drug trafficking crime. Ramirez argues that the evidence fails to show that he possessed the firearm in furtherance of a drug trafficking offense. He contends that the evidence establishes only that the firearm was present and not that he used the firearm in furtherance of the offense. We review Ramirez's challenge to the sufficiency of the evidence to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether the finding of guilt is "supported by any substantial evidence." United States v. Serna-Villarreal, 352 F.3d 225, 234 (5th Cir. 2003) (internal quotation marks and citation omitted).

Ramirez further argues that his conviction is constitutionally invalid because the district court stated in its oral judgment that he was convicted of the allegedly non-existent offense of possessing a firearm in connection with a drug trafficking offense. Because Ramirez did not object to the trial court's alleged misidentification of the offense in its oral pronouncement of judgment, his argument is reviewed for plain error. To establish plain error, Ramirez must show an error that is clear or obvious and that affects his substantial rights. See United States v. Baker, 538 F.3d 324, 332 (5th Cir.), petition for cert. filed (Dec. 2, 2008) (No. 08-7559). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The evidence supports Ramirez's conviction. The trial evidence supports a finding that Ramirez possessed a firearm and that the firearm was present in order to protect the drugs he was delivering and to make sure that the drug deal went according to plan. See United States v. Ceballos-Torres, 218 F.3d 409, 412 (5th Cir.), amended on other grounds, 226 F.3d 651 (5th Cir. 2000). Any error resulting from the district court's colloquial reference to the offense of conviction in its oral judgment does not rise to the level of reversible plain error. See United States v. Buendia-Rangel, ___ F.3d ___, No. 07-40878, 2008 WL 5221160 (5th Cir. Sept. 9, 2008) (holding that judgment was not invalid because it identified offense as "[r]e-entry of a deported alien" instead of being "'found unlawfully in the United States following removal or deportation'"); United States v. McGilberry, 480 F.3d 326, 328-331 (5th Cir. 2007) (declining to exercise discretion to reverse plain error where indictment misstated offense as possessing, rather than using or carrying, firearm during drug trafficking

offense because jury was properly instructed and evidence was essentially uncontroverted).

AFFIRMED.