**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Jose Manuel POLANCO, Defendant–**
**Appellant.**

No. 08–40525
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Manuel Polanco was indicted for and pleaded guilty to having been "found" in the United States following a prior removal and without having obtained consent to reapply for admission, in violation of 8 U.S.C. § 1326. He was sentenced to 65 months in prison.

Polanco appeals his conviction for the limited purpose of correcting the judgment under Federal Rule of Criminal Procedure 36, arguing that the judgment should reflect that he was convicted of "being found in" the United States and not of "[i]llegal [r]e-[e]ntry," as listed in the judgment. He argues that "being found in" the United States and "illegal reentry" are distinct offenses.

Rule 36 authorizes us to correct only clerical errors, which occur when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen,* 55 F.3d 1022, 1026 n. 3 (5th Cir.1995) (internal quotation marks and citations omitted). In the district court's judgment, the "Nature of Offense" description, "[i]llegal [r]e-[e]ntry,"

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Therefore, there is no clerical error. *See United States v. Buendia–Rangel,* 553 F.3d 378, 379 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.