# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-20687
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO BONILLA-MATEO, also known as Jose Martinez, also known as
Ricardo Reyes, also known as Jose Mexilla, also known as Milton Sunega, also
known as Jarson Diaz Lopez, also known as Ricardo Mateo Bonilla, also known
as Jose Mandando, also known as Jose Alvarado Reyes, also known as Jose
Ricardo Reyes, also known as Milton Reyes Zuniga, also known as Ricardo
Mateo, also known as Ricardo Bonilla

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-35-1

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Bonilla-Mateo asks us to direct the district court to correct his

judgment of conviction under Federal Rule of Criminal Procedure 36 to reflect

that he was convicted under 8 U.S.C. § 1326 of knowing and unlawful presence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

in the United States after deportation following conviction for an aggravated felony. Section 1326 is entitled "[r]eentry of removed aliens." The judgment describes the offense as "[i]llegal reentry into the United States after deportation following conviction for aggravated felony."

Rule 36 authorizes the correction of clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (internal quotation marks and citations omitted). Because the description of the offense closely tracks the title of § 1326, there is no indication of mistake or oversight. Rather, it appears that the district court intentionally used the phrase "[i]llegal reentry" to refer to § 1326 generally. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). Therefore, there is no clerical error, and the judgment of the district court is AFFIRMED.