**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20092
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GARCIA, also known as Pedro Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-360-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Garcia appeals his guilty plea conviction for being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326. He requests only that this court exercise its power pursuant to Federal Rule of Criminal Procedure 36 to correct an alleged clerical error in the judgment. Specifically, he alleges that the district court's judgment misidentifies the nature

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his offense as "[i]llegal reentry after deportation" when it should state that he was found unlawfully in the United States.

Rule 36 authorizes this court to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (internal quotation marks and citations omitted). In the district court's judgment, the "Nature of Offense" description, "[i]llegal reentry after deportation following conviction for an aggravated felony," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Therefore, there is no clerical error, and the judgment of the district court is AFFIRMED. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).