# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20136
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JONATHAN GARCIA-MARTINEZ, also known as Jonathan Martinez Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-396-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jonathan Garcia-Martinez pleaded guilty to being "found in the United States" following a prior removal and without having obtained consent to reapply for admission, in violation of 8 U.S.C. § 1326.  He was sentenced to 27 months in prison.

Garcia-Martinez appeals his conviction for the limited purpose of correcting the judgment under Federal Rule of Criminal Procedure 36, arguing that the judgment should be corrected to reflect that he was convicted of "being

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found in" the United States and not of "illegal reentry," the offense that is listed on the judgment. Garcia-Martinez argues that "being found in" the United States and "illegal reentry" are distinct offenses.

Rule 36 authorizes this court to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (internal quotation marks and citations omitted). In the district court's judgment, the "Nature of Offense" description, "[i]llegal reentry after deportation," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Therefore, there is no clerical error, and the judgment of the district court is AFFIRMED. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).