**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40457
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALVARO ESPINO-MAQUEDA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-588-1

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvaro Espino-Maqueda (Espino) pleaded guilty to one count of violating 8 U.S.C. § 1326 by being found in the United States after previously having been deported. He was sentenced to 70 months of imprisonment.

Espino appeals his conviction for the limited purpose of correcting the judgment under Federal Rule of Criminal Procedure 36, arguing that the judgment should be corrected to reflect that he was convicted of "being found in"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States and not of "Illegal Re-entry," the offense that is listed on the judgment. He argues that "being found in" the United States and "illegal reentry" are distinct offenses.

Rule 36 authorizes us to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995) (internal quotation marks and citations omitted). In the district court's judgment, the "Nature of Offense" description, "Illegal Re-entry," so closely tracks the § 1326 title, "Reentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Therefore, there is no clerical error, and the judgment of the district court is AFFIRMED. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).