**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6943**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

DONALD LAMONT POSTELL,

             Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:88-cr-00136-FDW-1)

Submitted:  February 3, 2011          Decided:  February 22, 2011

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Donald Lamont Postell, Appellant Pro Se.  Anne Magee Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Lamont Postell appeals the district court's text order denying his motion to correct his misspelled name on the criminal judgment pursuant to Fed. R. Crim. P. 36 ("Rule 36"). The district court construed Postell's motion as a 28 U.S.C.A. § 2255 (2006) motion and denied it as successive in light of Postell's two previously filed § 2255 motions. In the alternative, it denied Postell's motion on the ground that he failed to show prejudice resulting from the typographical error. For the reasons that follow, we reverse the district court's order and remand for further proceedings.

Rule 36 provides that a court may "correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" at any time after giving notice. Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature. See United States v. Johnson, 571 F.3d 716, 718 (7th Cir. 2009); see also United States v. Buendia-Rangel, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) ("Rule 36 authorizes [courts] to correct only clerical errors, which exist when the court intended one thing but by merely clerical mistake or oversight did another.") (internal quotation marks omitted).

In his motion, Postell sought to correct a mere clerical error of the type that courts may address pursuant to

2

Rule 36. Although his name was spelled correctly on the indictment and other court documents, it was misspelled on the judgment, indicating that the court likely intended to type "Postell" but made a mere typographical error. See Buendia-Rangel, 553 F.3d at 379. Because Postell sought to correct that error and did not directly attack his conviction or sentence, the district court erred when it construed Postell's motion as a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Furthermore, we hold that the district court incorrectly denied Postell's motion on the alternative ground that he had not shown prejudice resulting from the typographical error. We have not held that prejudice is required to warrant a correction pursuant to Rule 36. Indeed, Rule 36 provides that such a correction may be made at *any* time. See Fed. R. Crim. P. 36.

Accordingly, we reverse the district court's order and remand for the district court to properly address Postell's motion under Rule 36. Postell's motion for transcript at government expense is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED