# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD LEE HATHORN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CR-25-1

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donald Lee Hathorn, federal prisoner # 10194-043, pleaded guilty to one count of possession of a controlled substance with intent to distribute and was sentenced to 106 months of imprisonment.  Hathorn moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010.  The district court granted the motion and reduced his sentence to 89 months.  After an untimely appeal, Hathorn moved the district court to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60118

correct a clerical error under Federal Rule of Criminal Procedure 36. Hathorn asserted that the amended presentence report incorrectly calculated his new guidelines range and that the district court failed to take the correct range into account in reducing his sentence under § 3582. The district court denied the motion as being without merit and untimely. The district court denied leave to proceed in forma pauperis (IFP) on appeal and certified that the appeal was not taken in good faith.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. A clerical error occurs when the court intends to do one thing, but through clerical mistake or oversight does another. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). The district court did not abuse its discretion in denying Hathorn's Rule 36 motion. *See United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999). Accordingly, we deny Hathorn's motion for leave to appeal IFP, and we dismiss the appeal as frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.