# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50836
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEYUMBA WEBB,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:02-CR-301-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leyumba Webb, federal prisoner # 28913-180, was convicted by a jury of possession of crack cocaine with intent to distribute, and he was sentenced as a career offender to 210 months of imprisonment. Following an unsuccessful appeal and the denial of his 28 U.S.C. § 2255 motion, Webb moved the district court to correct purported clerical errors under Federal Rule of Criminal Procedure 36. Webb asserted that the presentence report was erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it did not include the charging documents from his prior Texas conviction for possession of a controlled substance with intent to deliver and that the application of the career offender enhancement was erroneous because his prior conviction for possession of a controlled substance with intent to deliver was not a predicate controlled substance offense. The district court denied the motion, and it denied Webb leave to proceed in forma pauperis (IFP) on appeal on the ground that the appeal would be frivolous.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). The purported errors identified by Webb are not clerical errors, and he has not shown that he is entitled to relief under Rule 36. *See id.*

Because Webb is clearly not entitled to relief under Rule 36, his appeal does not present any nonfrivolous issues, and he has not shown that it is taken in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 5TH CIR. R. 42.2.

Webb has filed several repetitive and frivolous challenges to his conviction and sentence. Webb is WARNED that filing repetitive or frivolous pleadings in this court could result in the imposition of sanctions. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.