# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10971
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-113-1

Before   DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Anthony Salazar, federal prisoner # 33813-177, pleaded guilty to possession with intent to distribute a mixture and substance containing methamphetamine. Following an unsuccessful direct appeal and the denial of his 28 U.S.C. § 2255 motion, Salazar moved to correct a purported clerical error in his presentence report (PSR) and the judgment pursuant to Federal Rule of Criminal Procedure 36. He asserted that the PSR erred by assessing criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10971

history points on two prior convictions, which he claimed were related offenses. The district court denied the Rule 36 motion, stating that "[t]he time to object to the PSR and appeal the judgment in this case has long since passed." The district court also denied leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal would be frivolous and not taken in good faith. Salazar now seeks leave from this court to proceed IFP on appeal.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Salazar is correct that he may file a Rule 36 motion to correct a clerical error in the PSR, even at this late date. *See United States v. Mackay,* 757 F.3d 195 (5th Cir. 2014). However, a clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another. *United States v. Buendia-Rangel,* 553 F.3d 378, 379 (5th Cir. 2008). Because the purported errors identified by Salazar are not clerical errors, but involve legal and factual challenges to his sentence, he has not shown that he was entitled to relief under Rule 36. *See id.*

Salazar's appeal does not present any nonfrivolous issue, and he has not shown that it is taken in good faith. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997); 5TH CIR. R. 42.2.

Salazar is WARNED that filing repetitive or frivolous pleadings in this court could result in the imposition of sanctions. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.