# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60534
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT EARL RAIFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CR-25

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Earl Raiford, federal prisoner # 07425-043, was convicted of carjacking and brandishing a firearm during and in relation to carjacking and was sentenced to consecutive terms of 180 months and 84 months of imprisonment. Following an unsuccessful appeal and the denial of his 28 U.S.C. § 2255 motion, Raiford moved the district court to correct purported clerical errors under Federal Rule of Criminal Procedure 36. Raiford asserted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60534

that the trial court made an error at sentencing when it determined that his guidelines range was 168-180 months based on a Category IV criminal history score and a total offense level of 30.  He also asserted that the PSR erroneously assessed criminal history points on some of his prior convictions.  The district court denied the Rule 36 motion as well as a subsequent motion to reconsider.  The court also denied Raiford leave to proceed in forma pauperis (IFP) on appeal, finding that the appeal would be frivolous.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  FED. R. CRIM. P. 36.  A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another.  *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).  The purported errors identified by Raiford are not clerical errors, and he has not shown that he is entitled to relief under Rule 36.  *See id.*

Because Raiford is clearly not entitled to relief under Rule 36, his appeal does not present any nonfrivolous issue, and he has not shown that it is taken in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 5TH CIR. R. 42.2.

Raiford is WARNED that filing repetitive or frivolous pleadings in this court could result in the imposition of sanctions.  These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.