# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40679
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN DE DIOS TORRES-BAZALDUA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-374

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan De Dios Torres-Bazaldua appeals from the sentence imposed in connection with his conviction for illegal reentry after deportation. Torres-Bazaldua argues that the written judgment contains a clerical error because it does not reflect that the $100 special assessment was remitted. He contends that this court should remand his case pursuant to Federal Rule of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 36 so that the district court can correct the written judgment to reflect the fact that it orally remitted the assessment.

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).

The record shows that the district court did not remit the assessment. Instead, the court explained to Torres-Bazaldua that he could get relief administratively if he could not afford to pay it. Moreover, the district court lacks the authority to sua sponte remit the assessment. *See* 18 U.S.C. § 3573(1); *see also United States v. Nguyen*, 916 F.2d 1016, 1020 (5th Cir. 1990) (stating that the assessment is mandatory and that the district court cannot decline to impose the special assessment under § 3013 based on its finding that a defendant is indigent). Torres-Bazaldua fails to show that the written judgment has a clerical error. *See Buendia-Rangel*, 553 F.3d at 379.

The judgment of the district court is AFFIRMED.