# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10958
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JARROD JAMIEL WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-426

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jarrod Jamiel Williams pleaded guilty to conspiracy to commit wire fraud affecting a financial institution in violation of 18 U.S.C. §§ 1343 and 1349. The district court sentenced Williams to 87 months of imprisonment and a three-year term of supervised release. The district court stated at sentencing that it would not impose child support compliance as a condition of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.  However, the written judgment listed timely child support payments as a special condition of supervised release.

Despite the appeal waiver provision in the plea agreement, Williams asks this court to strike the written judgment's imposition of child support as a special condition of supervised release.  He maintains that the conflict between the oral pronouncement and the written judgment is merely a clerical error and that correction of the error is not precluded by the appeal waiver.

Invoking the appeal waiver, the Government moves for dismissal of Williams's appeal.  In the alternative, it moves for summary affirmance, contending that the district court's oral pronouncement related only to new child support obligations and did not foreclose existing child support obligations as a condition of supervised release.  The Government notes the district court's explicit statement that the standard conditions of supervised release apply and argues that child support compliance is a standard condition under the Sentencing Guidelines.

Federal Rule of Criminal Procedure 36 provides that a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  However, the difference between the oral pronouncement and written judgment in this matter is not a clerical error, but rather a conflict.  *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).  Dismissal of the appeal is appropriate as this conflict does not fall under any of the exceptions listed in the appeal waiver.  *See United States v. Higgins*, 739 F.3d 733, 738-39 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014).  Williams may file a motion in the district court for modification of the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c).

No. 14-10958

Accordingly, IT IS ORDERED that the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED. The Government's motions for summary affirmance and for an extension of time to file a brief are DENIED.