# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

KAMALUDEEN A. GIWA, also known as Kamaluden Giwa,

Petitioner-Appellant

v.

T.G. WERLICH, Warden, Federal Correctional Institution Pollock

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2827

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Kamaludeen A. Giwa, federal prisoner # 05322-122, pleaded guilty in the United States District Court for the District of Nevada to 14 counts alleging various fraud-related offenses. He was sentenced to 150 months of imprisonment. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his classification by the Bureau of Prisons. That classification, he argued, was based on an incorrect criminal history score

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his presentence investigation report (PSR).  He also claims, on appeal, that that the district court did not address his request for relief under Federal Rule of Criminal Procedure 36.

This court reviews a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Despite Giwa's attempt to reframe his argument as one directed at the execution of his current sentence, his challenge to the PSR's criminal history calculation is clearly directed at an error that allegedly occurred at sentencing.  Ordinarily, a challenge to errors occurring at trial or sentencing must be brought in a 28 U.S.C. § 2255 motion. *Id.*  Section 2255(e) permits a federal prisoner to challenge the legality of his conviction or sentence in a § 2241 petition only when the remedy in § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  To meet the requirements of the savings clause of § 2255(e), Giwa had to show that his claim was (i) "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and was (ii) "foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Giwa has not made the required showing.  Giwa's claim fails the first prong of the *Reyes-Requena* test because he did not argue in the district court, nor does he argue here, that his current federal conviction was for a nonexistent offense.  *See* 243 F.3d at 903-04.  Giwa does not otherwise challenge the district court's determination that he failed to make the showing necessary to proceed under the savings clause. *See id.* at 904.  Accordingly, the district court properly dismissed Giwa's § 2241 petition for lack of jurisdiction.  Also, Giwa's complaint that the district court erred by not holding an

No. 15-30334

evidentiary hearing is without merit, as no hearing was required here. *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Although the district court did not explicitly address Giwa's purported Rule 36 motion, Giwa's claim is nevertheless unavailing. The changes that Giwa requested be made in his PSR did not involve mechanically correcting a clerical error or an error arising from an oversight or omission. Rather, Giwa asked the district court to make a substantive change to the calculation of his criminal history score in the PSR, which is not something that was the result of clerical mistake or oversight. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).

AFFIRMED.