# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40620
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEROME ARISTEDES MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1070-1

Before REAVLEY, PRADO\*, and GRAVES, Circuit Judges.

PER CURIAM:\*\*

Following a jury trial, Jerome Aristedes Martinez was convicted of attempted illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced him to 33 months of imprisonment and one year of supervised release. On appeal, Martinez asserts that the district court erred in using the Fifth Circuit's pattern jury instruction instead of the Ninth Circuit's pattern

---

\* This opinion was concurred in by Judge Prado prior to his retirement from the court on April 2, 2018.

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury instruction to instruct the jury on the offense elements of attempted illegal reentry.  Specifically, he maintains that attempted illegal reentry is a specific intent offense, which requires the Government to prove that "'the defendant had the conscious desire to reenter the United States without consent.'"

We ordinarily review "a jury instruction for abuse of discretion, affording substantial latitude to the district court in describing the law to the jury." *United States v. Williams*, 610 F.3d 271, 285 (5th Cir. 2010).  However, we review de novo "whether the jury instruction misstated an element of the statutory crime."  *United States v. Morales-Palacios*, 369 F.3d 442, 445 (5th Cir. 2004).

In *Morales-Palacios*, we held that "for an attempted illegal reentry under section 1326 specific intent is not an element of the statute."  *Id.* at 449.  Although Martinez argues that *Morales-Palacios* was wrongly decided, one panel of this court may not overrule a decision made by a prior panel "[a]bsent an intervening Supreme Court or en banc decision or a change in statutory law."  *United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).  Accordingly, the district court did not err in denying Martinez's request to instruct the jury on the Ninth Circuit's specific intent requirement for attempted illegal reentry.

In addition, Martinez argues that the felony and aggravated felony provisions of § 1326(b)(1) and (b)(2) are unconstitutional because they allow for an increased statutory maximum sentence without the predicate conviction being alleged in the indictment and proven beyond a reasonable doubt.  However, he correctly concedes that this argument is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 235 (1998).  *See United States v. Pineda-Arellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

Finally, we note that there is a clerical error in the judgment.  Martinez was convicted by the jury of attempted illegal reentry, while the written

judgment states that his offense was "[r]e-entry of a deported alien." "[A]ttempted reentry under § 1326 constitutes an offense distinct from either reentry or being found in the United States under § 1326." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 n.1 (5th Cir. 2008); *see* § 1326(a)(2); *United States v. Angeles-Mascote*, 206 F.3d 529, 531 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.  The case is REMANDED to the district court for the limited purpose of correcting the clerical error in the judgment.