# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANJAY SINHA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-9-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Sanjay Sinha, federal prisoner # 06561-032, appeals the district court's denial of his motion to correct the record pursuant to Federal Rule of Criminal Procedure 36. He asserts that the record does not support the district court's holding that the sentencing court intended for the $15,000 fine to be due immediately. According to Sinha, at sentencing, the court stated that he would be responsible for paying the fine in monthly installments to commence 30 days

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60379

after his release from prison.  He asks the court to correct the written judgment to clarify that payment of the fine will begin after his release from prison.

We will assume that review is de novo.  *See United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014).  Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36.  At sentencing, the court stated that any unpaid balance should be paid in monthly installments when Sinha is released on supervised release.  The reference to any unpaid balance indicates that the district court intended the fine to be due immediately.  The court's oral pronouncement is consistent with the written judgment, which expressly states that the fine is due immediately and that any balance due was to be paid in monthly installments during supervised release.  The oral and written judgments are also consistent with the default rule that criminal penalties must be paid immediately unless the court states otherwise.  *See* 18 U.S.C. § 3572(d)(1); *United States v. Diehl*, 848 F.3d 629, 631 (5th Cir. 2017).  Sinha has not shown that the written judgment does not accurately reflect the district court's intent concerning the payment of the fine.  *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).  Therefore, the district court did not err in denying Sinha's motion.  *See id.*

AFFIRMED.