# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2019

Lyle W. Cayce
Clerk

No. 18-50409
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY HEATH NED,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-209-1

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Jeremy Heath Ned, federal prisoner # 27986-077, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion to correct the presentence report and sentencing enhancement notice pursuant to Federal Rule of Criminal Procedure 36. When, as here, a district court certifies that an appeal is not taken in good faith, the appellant may pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50409

197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Ned maintains that he was entitled to relief pursuant to Rule 36 because the district court erroneously enhanced his sentence under 21 U.S.C. § 851 based on a 1998 federal drug conviction. Ned alleges that he was not convicted of that offense. He also argues that his 1989 state conviction should not have been the basis for the § 851 enhancement because the conviction was too old. Ned requests a remand for resentencing.

Rule 36 provides that a district court may at any time correct a clerical error in the record arising from oversight or omission. FED. R. CRIM. P. 36. However, relief under Rule 36 is proper only when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (internal quotation marks and citation omitted). Here, the changes that Ned sought to have made to the presentence report and § 851 notice did not involve the mechanical correction of a clerical error or concern an error arising from an oversight or omission. Rather, Ned requested that the district court make substantive changes to the presentence report and § 851 notice and resentence him. Such changes may not be made pursuant to Rule 36. *See United States v. Mackey*, 757 F.3d 195, 198-99, 200 (5th Cir. 2014); *Buendia-Rangel*, 553 F.3d at 379.

Thus, Ned's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2. His motion for appointment of counsel is DENIED.