# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACOB ABREGO HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-137-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jacob Abrego Herrera appeals his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). For the first time on appeal, he argues the district court violated Federal Rule of Criminal Procedure 11(b)(3) because there was an insufficient factual basis supporting his plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50226

Because Abrego Herrera did not object to the error in the district court, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To establish plain error, Abrego Herrera must show a clear or obvious error that affects his substantial rights. *See United States v. Baymon*, 312 F.3d 725, 728 (5th Cir. 2002). To show an effect on substantial rights, he is required to "show a reasonable probability that, but for the error, he would not have entered the plea." *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006) (internal quotation marks and citation omitted). If Abrego Herrera makes such a showing, this court will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and citation omitted).

Abrego Herrera does not dispute that he involved his minor son in the drug transaction at issue. But even if this court were otherwise to accept his assertion that the district court clearly or obviously erred in accepting his guilty plea without a sufficient factual basis, reversal would not be warranted because he has not shown a "reasonable probability" that he would not have pleaded guilty absent the error. *See Castro-Trevino*, 464 F.3d at 541. Abrego Herrera did not attempt to withdraw his guilty plea in the district court, and his conclusory argument that he would not have pleaded guilty because "no defendant would plead guilty to a count that was not supported by" a factual basis is not enough to show his substantial rights were affected.

Abrego Herrera also requests a remand for the limited purpose of correcting a purported clerical error in the written judgment's reference to the statute of conviction. Federal Rule of Criminal Procedure 36 allows this court to correct errors in a judgment when the district court "intended one thing, but by merely clerical mistake or oversight did another." *See United States v.*

*Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). Because the district court appears to have intentionally listed the statute in the judgment as it appeared in the indictment, and as the judgment does not list an incorrect or inapplicable statute, there is no clerical error. *See id.* Accordingly, a remand is unwarranted.

AFFIRMED.