# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-51079
Summary Calendar

---

United States of America,

Plaintiff—Appellee,

versus

Emanuel Roman-Roman,

Defendant—Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2022

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2043-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Emanuel Roman-Roman appeals from the sentence imposed for his conviction of attempted illegal re-entry after removal. Roman-Roman argues that the written judgment contains a clerical error because it does not reflect that when the district court orally pronounced the sentence, it stated that the $100 special assessment was remitted. He asks us to remand the case

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

pursuant to Federal Rule of Criminal Procedure 36 for correction of the written judgment.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in the judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).

The record shows that the Government did not move to remit the special assessment. Nevertheless, the district court announced that the special assessment against Roman-Roman was remitted. However, the district court lacked the authority to order the assessment remitted sua sponte. *See* 18 U.S.C. § 3013(a)(2)(A); *United States v. Nguyen*, 916 F.2d 1016, 1020 (5th Cir. 1990); *see also* 18 U.S.C. § 3573(1). Roman-Roman fails to show that the district court intended to err by remitting the assessment but through clerical mistake or oversight imposed it. *See Buendia-Rangel*, 553 F.3d at 379. Rather, we infer that the district court intended to impose the special assessment in the written judgment, notwithstanding its oversight in the oral pronouncement. Thus, Roman-Roman fails to show that the written judgment has a clerical error. *See id.*

To the extent that Roman-Roman seeks correction of the judgment apart from Rule 36, he is not entitled to relief. Because the judgment is in accordance with the law, which mandates the special assessment, *see* § 3013(a)(2)(A), any irregularity in its imposition does not affect Roman-Roman's substantial rights. *See* Fed. R. Crim. P. 52(a) & (b).

Roman-Roman also contends that the district court's application of the recidivism enhancement in § 1326(b) is unconstitutional. Nevertheless,

No. 21-51079

he properly acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He raises the issue only to preserve it for further review.

AFFIRMED.