# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20167
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marc Anthony Hill,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-7-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Marc Anthony Hill, federal prisoner # 18512-479, appeals the denial of a postjudgment motion invoking Federal Rule of Civil Procedure 60(b) that he filed in his criminal case. He argues, as in the motion, that the district court made a clerical error by entering an amended judgment prior to the exhaustion of his direct appeal process, failing to reach the merits of his

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motion, and failing to hold a hearing on the motion. Hill has also filed a motion for judicial notice, which includes motions to reopen the appeal, expand the record, and expedite the appeal, as well as a motion for leave to file exhibits in support of his appellate brief. The motion for judicial notice is DENIED as unnecessary. The motion for leave to file exhibits is GRANTED.

Rule 60(b) is a civil rule that does not apply to motions directly attacking a criminal judgment. *See* Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 81. The Federal Rules of Criminal Procedure govern such motions. *See* Fed. R. Crim. P. 1(a)(1). To the extent that Hill's motion sought relief under Rule 60(b), the motion was meaningless and unauthorized, and the district court did not err by denying it. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Hill's motion may be liberally construed as seeking relief under Federal Rule of Criminal Procedure 36. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Rule 36 permits a court at any time, "[a]fter giving any notice it considers appropriate," to "correct a clerical error in a judgment, order, or other part of the record, or [to] correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error takes place when the court meant to do one thing but through clerical mistake or oversight did another. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). The alleged error of which Hill complains is not a clerical error within the meaning of Rule 36. *See id.* To the extent it sought relief under Rule 36, the district court did not err by denying Hill's motion.

AFFIRMED.