# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20433
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Carl Edward Preston, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-14-3

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:*

In contesting the district court's revoking his supervised release, Carl Edward Preston, Jr., contends only that the revocation judgment contains a clerical error concerning his payment schedule for restitution. The Government agrees.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20433

The claimed clerical error relates to a discrepancy in the repayment term provided in Preston's earlier criminal judgment and the revocation judgment. In his earlier criminal judgment, Line D of the Schedule of Payments sheet provided that payment was due "in equal monthly installments of $200 over a period of 34 months, to commence 30 days after release from imprisonment to a term of supervision". In contrast, the corresponding provision in the revocation judgment's Schedule of Payments sheet provides that payment is due "in equal monthly installments of $200 over a period of 36 months, to commence 30 days after release from imprisonment to a term of supervision".

Under Federal Rule of Criminal Procedure 36, our court may review a judgment *sua sponte* for clerical errors and remand for the limited purpose of correcting them. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015). A clerical error occurs "when the court intended one thing but by merely clerical mistake or oversight did another". *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (citation omitted). Based on our review of the record, the parties are correct: the revocation judgment should refer to the same 34-month period in Line D of the earlier criminal judgment; the discrepancy is a clerical error in the revocation judgment. *See* Fed. R. Crim. P. 36; *Buendia-Rangel*, 553 F.3d at 379.

AFFIRMED in part; REMANDED to correct the clerical error in the revocation judgment.