# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40593
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRAVIS SPENCER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas,
Beaumont Division.
USDC No. 1:93-CR-223-1

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

In 1995, Appellant Travis Spencer pled guilty to carjacking. As part of his sentence, Spencer was ordered to pay restitution to the owner ("Owner") of the vehicle he stole, as well as to Owner's automobile insurance provider, Allstate Insurance. At the sentencing colloquy, the district court ordered Spencer to pay a total restitution amount of $9,187.88, but it did not specify how the restitution was to be allocated.

On January 4, 1995, the district court entered judgment. The written judgment specified that of the total restitution Spencer was required to pay, Owner was to receive $1,119.00, and Allstate, $7,989.88. In its written judgment,

the district court erroneously totaled these amounts at $9,187.88. Over a decade later, the government moved for an amended judgment on the basis that the amounts payable to Owner and Allstate, as specified in the original judgment, did not total $9,187.88, the total restitution Spencer had been ordered to pay at his sentencing hearing. On April 30, 2007, the district court issued an amended judgment in which it raised Owner's restitution from $1,119.00 to $1,198.00, a difference of $79.00. As revised, the sum of the itemized restitution amounts in the court's written judgment equaled the total restitution amount imposed at sentencing. Importantly, the district court's amended judgment did not increase the total amount of restitution Spencer was originally ordered to pay.

Spencer appeals the district court's amended judgment, arguing that it amounts to an amendment of sentence under Federal Rule of Criminal Procedure 35(a), which provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." By contrast, Rule 36, which the district court implicitly employed in amending its judgment, establishes no time limitation but rather provides that a court may "at any time correct a clerical error in a judgment . . . ." Thus, the present issue is whether the district court's amendment of its original judgment was a correction of a "clerical error" under Rule 36, or an alteration of Spencer's sentence subject to the seven-day limitation of Rule 35(a).

Spencer argues that since the amended judgment corrects an "arithmetical error," it cannot be deemed a "clerical error" for purposes of Rule 36, and thus the seven-day time limitation of Rule 35 invalidates the amended judgment. This argument overlooks the reality that Rule 35, by its very title, addresses corrections of "sentences." Paragraph (c) of Rule 35 specifically provides that, for purposes of the Rule, "'sentencing' means the oral announcement of the sentence." It follows that Rule 35(a) is implicated when a district court seeks to alter the actual sentence imposed on a criminal defendant as announced at the sentencing hearing. By contrast, courts have deemed Rule 36 the appropriate

mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments. See United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005) ("In most cases, an error made by the court in imposing its oral sentence will not be a clerical error within the meaning of Rule 36. . . . [Instead,] Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."); cf. United States v. Patrick Petroleum Corp., 703 F.2d 94, 98 (5th Cir. 1982) ("Because the sentencing transcript reflects the same inconsistency as the written order, [Rule] 36, which governs clerical errors, is not an appropriate vehicle for clarification.").

In amending its judgment, the district court merely corrected its original written judgment to conform with the sentence announced orally. We need not today sketch the outer parameters of Rule 36.[1] It is enough that under a reasonable reading of the relevant rules, as well as relevant case law, the district court's amendment amounts to a clerical revision that did not substantively alter Spencer's sentence. Therefore, the time limitation of Rule 35 is inapplicable. See United States v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004) (holding that an amendment pertaining to the allocation of restitution, without altering the total restitution amount, is a "clerical" correction, as it is "minor and mechanical in nature").

AFFIRMED.

---

[1] At least one circuit has held that a district court may, in limited circumstances, employ Rule 36 to stiffen a sentence by adding provisions not announced at sentencing. See United States v. Bennett, 423 F.3d 271 (3d Cir. 2005) (sustaining the addition of a forfeiture provision in a written judgment, even though such was not announced orally, because the defendant had previously stipulated to forfeiture, and because a preliminary order of forfeiture had been entered).