**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**John Allen WALTER, Defendant–Appellant.**

No. 10–40798
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 15, 2011.

to our holdings, however, Water Craft's assertion is moot.

Traci Lynne Kenner, Assistant U.S. Attorney, U.S. Attorney's Office, Tyler, TX, Clifford Benjamin Stricklin, Assistant U.S. Attorney, U.S. Attorney's Office, Plano, TX, for Plaintiff–Appellee.

John Allen Walter, Pollock, LA, pro se.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

John Allen Walter, federal prisoner # 28464–077, is appealing the district court's denial of his motion to correct a clerical error in his sentence pursuant to Federal Rule of Civil Procedure 60(a). He argues that the district court erroneously calculated his base offense level under U.S.S.G. § 4B1.1 and that he should be resentenced based on a lower base offense level.

The Government has filed a motion for summary affirmance, arguing that the district court correctly denied the motion because Rule 60(a) applies in civil actions only and does not apply in criminal proceedings. The Government further contends that Walter is not entitled to a correction of his sentence under any Federal Rule of Criminal Procedure.

Federal pleadings are construed "liberally according to ... substance rather than ... form or label." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 633 n. 39 (5th Cir.2002). However, if a motion cannot be construed in such a way that relief is possible, it is a "meaningless, unauthorized motion" properly denied by the district court. *United States v. Early*, 27 F.3d 140, 141–42 (5th Cir.1994).

Walter has not sought and has no grounds for seeking relief for a clerical error under Federal Rule of Criminal Procedure 36, "the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir.2008). Nor has he sought relief under any other federal criminal procedural remedy.

Walter seeks relief under Rule 60(a), a civil procedure rule. The scope of the rules of civil procedure is limited to civil actions. Fed.R.Civ.P. 1. Walter has ap-

---

pealed from the denial of "meaningless, unauthorized" motion. Therefore, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. *See Early*, 27 F.3d at 142. The Government's motion for an extension of time to file a brief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.