# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 12, 2012

Lyle W. Cayce
Clerk

No. 12-30281
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRENCE MILLSAPS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:95-CR-377-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

In 1996, Terrence Millsaps, federal prisoner # 83445-012, was convicted of conspiring to possess with intent to distribute and attempting to possess with intent to distribute a quantity of cocaine, and he was sentenced as a career offender to 450 months of imprisonment. He now appeals the district court's decision to deny his motion for leave to file a notice under Federal Rule of Criminal Procedure 36 to correct a purported clerical error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30281

A district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. A clerical error arises where "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir.2008) (internal quotation marks and citations omitted). Millsaps's argument that the court miscalculated his sentence because it determined the drug quantity using the preponderance of the evidence standard constitutes a substantive challenge to his sentence and thus is outside the scope of Rule 36. *See United States v. Spencer*, 513 F.3d 490, 491-92 (5th Cir. 2008). Moreover, his motion amounted to a collateral attack on his original sentence that must be brought in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Millsaps previously challenged his sentence under § 2255, he must first apply to this court for authorization before he may file a successive § 2255 motion. *See* 28 U.S.C. §§ 2244(a), § 2255(h).

Millsaps's appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). His motion for further relief is DENIED. We once again WARN Millsaps that further frivolous filings may result in the imposition of sanctions, including dismissal, monetary penalties, and restrictions on his ability to file appeals in this court and actions in any court subject to this court's jurisdiction.