# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31062
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS BOYD, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-63-1

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Louis Boyd, Jr., federal prisoner # 30962-034, is serving a 147-month prison term for multiple drug and firearms offenses. He has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion under Rule 36 of the Federal Rules of Criminal Procedure to correct a clerical error in the judgment. The district court denied his motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31062

By moving in this court for IFP status, Boyd is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Boyd has identified no clerical mistake or oversight in the judgment warranting relief under Rule 36. *See United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). He argues that the judgment does not specify the amount of time that he is to spend in prison before beginning his supervised release term. However, the judgment is explicit as to Boyd's prison sentence, explaining that he is to be in the custody of the Bureau of Prisons for 147 months. It is equally as specific with regard to the supervised release term, stating that "[u]pon release from imprisonment, the defendant shall be on supervised release for a term of six years." Accordingly, the judgment makes clear that Boyd is to serve 147 months in prison followed by six years of supervised release.

Likewise, Boyd's remaining arguments are meritless. He argues that supervised release is a type of imprisonment and thus his supervised release term should be deducted from his prison term, contends that supervised release should be treated like parole, and asserts that his total sentence improperly falls above the advisory guidelines imprisonment range. Where a district court imposes a term of imprisonment, it "may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). Though the supervised release term is part of the sentence, *United States v. Higgins*, 739 F.3d 733, 738 & n.11 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014), it is not part of the prison term, *see United States v. Butler*, 895 F.2d 1016, 1018 (5th Cir. 1989) (explaining that a term of supervised release "does not extend a party's imprisonment"). Moreover "supervised release is not the equivalent of special parole." *United States v. Van Nymegen*, 910 F.2d 164, 166 (5th Cir. 1990).

No. 14-31062

By arguing that his prison sentence should be reduced by the six years he has been ordered to serve on supervised release, Boyd is, in effect, attempting to modify his sentence, which he cannot do through Rule 36. *See United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008); *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994).

This appeal is without arguable merit, and thus, Boyd's motion to proceed IFP is DENIED. *See Howard*, 707 F.2d at 219 20. Because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d 197, 202 n.24; 5TH CIR. R. 42.2.