# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41317
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROLANDO BERNARDEZ-AVILA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-92

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rolando Bernardez-Avila (Bernardez) pleaded guilty to illegally reentering the United States after deportation, and he was sentenced above the advisory guideline range to 24 months in prison. At the same sentencing hearing, he was also sentenced to a consecutive 18-month prison term upon revocation of a supervised-release term that had been imposed for a prior illegal reentry. At sentencing, the court explained that the 42-month total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41317

sentence was intended to be 12 months greater than the 30-month sentence imposed for Bernardez's most recent prior illegal reentry.

On appeal, Bernardez asks us to remand the case for correction of a clerical error under Federal Rule of Criminal Procedure 36. He asserts that the Statement of Reason (SOR) for the illegal-reentry sentence contains a clerical error because it explains the 42-month total sentence, as did the court's oral pronouncement, but not the 24-month sentence imposed for the illegal reentry. The SOR's explanation would have been more precise if the court had said that the 24-month sentence was a variance above the guideline range, imposed so that, when combined with the consecutive 18-month revocation sentence, the total sentence would 42 months, a 12-month increase from the prior 30-month sentence.

A "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Accordingly, Rule 36 is "the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008). On the other hand, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." FED. R. CRIM. P. 52(a).

If there is a correctable error in the SOR, it not substantive. The rationale for making a written judgment conform to the orally pronounced sentence is not clerical error but the constitutional error of failing to pronounce the sentence in the defendant's presence. *See United States v. Vega*, 332 F.3d 849, 852-53 (5th Cir. 2003). The written judgment accurately states that the illegal-reentry sentence is 24 months, and the SOR accurately reflects the court's oral reasons for the total sentence. More significantly, the SOR is not

No. 14-41317

intended to provide any safeguards to a defendant but is rather intended to provide information to the United States Sentencing Commission as a record-keeping function. *See United States v. Pillaut*, 783 F.3d 282, 292 n.2 (5th Cir. 2015). The SOR statute, 28 U.S.C. § 994(w), merely provides that the SOR shall be sent to the Sentencing Commission. *Pillaut*, 783 F.3d at 292 n.2. Accordingly, Bernardez has no readily apparent interest in what the SOR says to the Sentencing Commission.

Section 994(w)(1)(A) further provides that the Sentencing Commission will receive the judgment, which accurately shows the 24-month illegal-reentry sentence. The SOR and the judgment, as well as this opinion, should adequately inform the Sentencing Commission of what it wants to know, and there is no error that affects Bernardez's substantial rights. *See* Rule 52(a). The judgment is AFFIRMED.