# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2016

Lyle W. Cayce
Clerk

No. 14-31367
c/w No.15-30703
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS HENDERSON, also known as T. Henderson,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-309-4

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Thomas Henderson pleaded guilty to a single count of conspiracy to distribute and possess with the intent to distribute heroin and cocaine base and to a single count of conspiracy to possess and use firearms in furtherance of drug trafficking.  He was sentenced to a total of 160 months of imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31367
c/w No.15-30703

After he filed a notice of appeal, the district court granted a motion to vacate his sentence on the basis that the probation officer incorrectly calculated the guidelines imprisonment range.  We remanded the case, and the district court held a new sentencing hearing at which the district court upwardly departed from the recalculated guidelines range and imposed a sentence of 480 months in prison.  Henderson appealed from the subsequent judgment.

Henderson asserts that the district court lacked the authority to vacate his sentence and resentence him and, thus, his original sentence and judgment remains valid.  He contends that no indicative ruling issued that permitted the district court to vacate his sentence and resentence him and that no statute or Federal Rule of Criminal Procedure enabled the resentencing.  Henderson, who makes no argument as to the initial judgment, also contends that the grant of the upward departure at his resentencing violated his due process rights.  The Government concedes that the district court lacked the authority to resentence Henderson and maintains that the initial sentence should be reinstated.  Our review of whether the district court had jurisdiction is plenary.  *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999).

The record supports that the district court lacked the authority to vacate Henderson's sentence and resentence him.  The filing of a notice of appeal from the original judgment deprived the district court of jurisdiction, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), and the record does not establish that the district court issued an indicative ruling in accordance with Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1.  *See* FED. R. CRIM. P. 37(b); FED. R. APP. P. 12.1(a).  Even if the actions of the district court could be construed as an implicit indicative ruling, the district court otherwise had no authority to vacate and alter Henderson's sentence.  The district court could not have acted pursuant to Federal Rule of

2

No. 14-31367
c/w No.15-30703

Criminal Procedure 35(a) because the vacation of the sentence and resulting resentencing occurred more than 14 days after the original sentence was orally pronounced. *See* FED. R. CRIM. P. 35(a), (c); *United States v. Bridges*, 116 F.3d 1110, 1112-13 (5th Cir. 1997). Furthermore, the district court could not have acted under Federal Rule of Criminal Procedure 36 because calculating a new guidelines sentencing range on account of an error in applying the Sentencing Guidelines is not the type of error that is subject to correction under Rule 36. *See United States v. Mackey*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008). No other basis for vacating and altering Henderson's sentence is applicable.

Therefore, the judgment imposed after resentencing is void and should be vacated. The original judgment remains in effect and, because Henderson has not contested it, should be affirmed. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). Given this disposition, we do not address Henderson's claim that his amended sentence violated his due process rights.

AFFIRM ORIGINAL JUDGMENT; AMENDED JUDGMENT VOIDED.