# United States Court of Appeals for the Fifth Circuit

———————

No. 22-30004

CONSOLIDATED WITH

Nos. 22-30005, 22-30014

Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE ROBINSON, JR.,

*Defendant—Appellant*,

CONSOLIDATED WITH

————————

No. 22-30011

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE ROBINSON,

*Defendant—Appellant*.

————————————

Appeals from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:20-CR-25-1, 3:20-CR-26-1, 3:94-CR-26-1, 3:20-CR-24-1

————————————

No. 22-30004
c/w Nos. 22-30005, 22-30014, 22-30011

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges.*

PER CURIAM:*

The Federal Public Defender appointed to represent Clarence Robinson, Jr., has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Robinson has not filed a response. We have reviewed counsel's brief and the relevant portions of the records reflected therein. We concur with counsel's assessment that the appeals present no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEALS ARE DISMISSED. *See* 5TH CIR. R. 42.2.

There is a clerical error in the written judgment in No. 22-30004. Robinson was sentenced to a total of 36 months of imprisonment, but the judgment in No. 22-30004 incorrectly states that his total term of imprisonment is 30 months. This is a purely clerical error that "did not substantively alter" the sentence. *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008). Accordingly, we REMAND No. 22-30004 for the limited purpose of correcting that error. *See* FED. R. CRIM. P. 36.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.