# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

---

No. 24-40285
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICARDO GUERRERO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-844-1

---

Before HO, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Ricardo Guerrero, federal prisoner # 76456-079, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct a purported clerical error in the judgment, seeking to "correct" the judgment to remove his sentences on two counts of conviction, and its sua sponte grant of Rule 36

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

relief, correcting the judgment to reflect the imposition of consecutive rather than concurrent sentences. By moving for leave to proceed IFP, Guerrero is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

To the extent that Guerrero argues that the district court did not orally pronounce any sentence on two counts of conviction and that the written judgment conflicted with the oral pronouncement by sentencing him on those counts, his argument is frivolous. The record establishes that the district court orally pronounced sentence on all counts of conviction. Although Guerrero attempts to couch his appellate arguments in terms of clerical error, he raises substantive challenges to the district court's sentencing procedures and the validity of the sentences imposed. Thus, the change he requests is substantive rather than clerical in nature and does not fall within the scope of Rule 36. *See United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008); *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *see also Dura-Wood Treating Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982).

Guerrero's challenge to the sua sponte correction of his judgment is equally meritless. Because the written judgment fails to accurately record the district court's statement at sentencing that it intended for the sentences on each count of conviction to run consecutively, the written judgment's statement that his sentences were imposed concurrently was a clerical error that warranted correction under Rule 36. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987).

In sum, Guerrero has not shown that the appeal raises a nonfrivolous issue, and his appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED, and the

No. 24-40285

appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.