# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2025

Lyle W. Cayce
Clerk

No. 24-40814

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodrigo Aguilar-Rosas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-2025-1

_____

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Rodrigo Aguilar-Rosas, federal prisoner # 66875-509, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's September 3, 2024 denial of his "Motion to Include Supervised Release in Accordance with 21 U.S.C. § 841(b)(1)(B)(viii) and 18 U.S.C. § 3583." By moving to proceed IFP in this court, Aguilar-Rosas is challenging the district court's ruling that he did not demonstrate a nonfrivolous issue for appeal.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his IFP pleadings, Aguilar-Rosas argues that the district court erred in denying his motion, in which he requested that the court impose a term of supervised release so that he would be eligible to apply credits earned through participation in "recidivism reduction programs or productive activities" toward early release under terms of the First Step Act. 18 U.S.C. § 3632(d)(4)(C); *see* 18 U.S.C. § 3624(g)(3). He contends that the district court erred in failing to impose a term of supervised release at sentencing because it was statutorily mandated on account of his 21 U.S.C. § 841(b)(1)(A) conviction and sentence. However, because Aguilar-Rosas received the benefit of the safety valve at sentencing, *see* U.S.S.G. § 2D1.1(b)(18), the district court was not required to impose a term of supervised release, *see* U.S.S.G. § 5C1.2(a). Furthermore, he identifies no arguable error in the district court's determination that, under the circumstances presented, it was not authorized to modify Aguilar-Rosas's final criminal judgment to impose a term of supervised release. *Cf.* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 36; *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008).

Aguilar-Rosas has failed to show he has a nonfrivolous argument that the district court erred in denying his motion. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.